IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MABRY, ) | |
|     Petitioner, ) | Civil Action No. 14-028 Erie |
| ) | |
| v. ) | Judge Arthur J. Schwab |
| ) | |
| BOBBY L. MEEKS, ) | |
|     Respondent. ) | |

# O P I N I O N

## I. Introduction

Before this Court is a petition for a writ of habeas corpus filed by the Petitioner, federal prisoner James Mabry, pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition is dismissed for lack of jurisdiction.

## II. Discussion

### A. Relevant Background

In May 2005, Petitioner appeared before the U.S. District Court for the Middle District of Pennsylvania and pleaded guilty to one count of possession with intent to distribute more than five grams of cocaine base. On March 9, 2006, the U.S. District Court for the Middle District of Pennsylvania sentenced Petitioner to 210 months of imprisonment followed by four years of supervised release.

Petitioner filed with the trial court a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in May 2006. He argued that his counsel was ineffective for failing to file a timely appeal and raised various challenges to the career criminal enhancement, similar to those he raises in the instant petition (Resp's Exs. D & E). The trial court denied Petitioner's § 2255 motion on

1

May 15, 2006. (Resp's Ex. F). The United States Court of Appeals for the Third Circuit affirmed the decision of the trial court in 2008. (Resp's Ex. G).

Petitioner continued to file motions challenging his sentence, all of which were denied. (See, e.g., Motion to Reduce Sentence re Crack Cocaine Offense (Resp's Ex. B, Dkt. Nos. 135, 145); Motion for Adjustment, Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(B) Predicated Upon Another Modifying Statute 28 U.S.C. § 2255 (id., Dkt. Nos. 148, 149); Motion to Reduce Sentence re Crack Cocaine Offense (id., Dkt. Nos. 155, 159); Motion to Vacate Conviction Due to Discovery of Facts Amounting to a Grave Miscarriage of Justice (id., Dkt. Nos. 161, 164)).

Having had no success challenging his judgment of sentence by way of motions filed with his trial court, Petitioner – who was incarcerated within the territorial boundaries of the Western District of Pennsylvania when he commenced this case – filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 5]. He alleges that his constitutional rights were violated when his attorneys "abandoned" him during critical stages of the criminal proceedings [id. at 6-7]; the trial court erred "when it assigned (#19) criminal history points based upon six (6) prior convictions" [id. at 7]; (3) his "attorney was ineffective due to his hiring of (local attorney) for his failure of not following a court order to reply to court with briefs in support of several motions that [were] very important that local attorney should [have] submitted" [id.]; and (4) "plain error at calculating criminal history points of Petitioner. Sentence was miscalculated and was enhance[d] unjustly" [id. at 8]. As relief, Petitioner requests that his "sentence … be vacated so that the court can resentence him under the correct guidelines, specifically as a non-career offender." [Id. at 8]. [See also ECF No. 6, Brief in Support of Petition].

In his Answer, Respondent contends that the petition must be dismissed because this Court lacks subject matter jurisdiction. [ECF No. 12]. Petitioner filed a Reply in which he insists that he can pursue his claims in a § 2241 habeas petition. [ECF No. 14].

**B.      Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

3

Importantly, § 2255 prohibits district courts from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause," "safety valve," or "safety hatch."

Petitioner contends that the sentenced imposed upon him by Middle District Court of Pennsylvania is invalid. His claims are precisely the type that must be brought in a § 2255 motion before the district court that tried and sentenced him. Of course, this Court is aware that since Petitioner has already filed one § 2255 motion in the Middle District Court of Pennsylvania, he cannot file a second one. That is because the 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion. 28 U.S.C. § 2255(h)(2). See also 28 U.S.C. § 2244(a).

Thus, the question before this Court is whether the fact that Petitioner cannot raise his claims in another § 2255 motion with the Middle District Court of Pennsylvania makes the § 2255 remedy "inadequate or ineffective to test the legality of his detention[,]" 28 U.S.C. § 2255(e), thereby allowing him to utilize § 2241. It is Petitioner's burden to establish that the remedy under § 2255 is inadequate or ineffective. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). Petitioner has not met his burden.

In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the Court of Appeals for the Third Circuit recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to prohibit the filing of second or successive motions. Importantly, in that case the Court of Appeals for the Third

4

Circuit stressed that § 2255's remedy *is not* "inadequate or ineffective" solely because the petitioner cannot meet the stringent gatekeeping requirements of AEDPA and file a second or successive § 2255 motion with the district court that convicted and sentenced him. Although, the court in Dorsainvil concluded that the circumstance presented in that case was the rare one in which a federal prisoner could challenge the validity of his conviction under § 2241, it expressly stated:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."

Dorsainvil, 119 F.3d at 251. See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, *or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.*"); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the §2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.")

The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from

5

which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in <u>Bailey v. United States</u>, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post <u>Bailey</u>, Dorsainvil applied to the Court of Appeals for the Third Circuit for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion. Although <u>Bailey</u> was a substantive rule that applied retroactively to cases on collateral review, <u>Bousley v. United States</u>, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in <u>Bailey</u> was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional law . . . that was previously unavailable[.]*" <u>Dorsainvil</u>, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

The Court of Appeals for the Third Circuit concluded that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in <u>Davis v. United States</u>, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." <u>Id.</u> at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that*

6

> *justify collateral relief under § 2255*." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").
>
> The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."
>
> There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51 (emphasis added).

The Court of Appeals for the Third Circuit subsequently described the narrow holding of Dorsainvil as follows: "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003).

7

None of Petitioner's claims meet the Dorsainvil criteria. In addition, the Court of Appeals for the Third Circuit has excluded from the ambit of Dorsainvil the type of sentencing claims that he is making in this case. In Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), the petitioner argued in a § 2241 habeas corpus petition that the sentence imposed upon him violated the Supreme Court's holding in Apprendi because the judge increased his sentence on the basis of drug quantity not found by a jury. The Court of Appeals for the Third Circuit rejected his argument, holding:

> Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. See Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In In re Dorsainvil, we interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir.1997). We found such a situation in In re Dorsainvil, where the petitioner was in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), deemed not to be criminal. See id.
>
> The District Court held that Okereke's case fit within the narrow exception of In re Dorsainvil on the ground that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was an intervening change in law that Okereke could not have predicted and could not have used as the basis of a § 2255 motion. However, In re Dorsainvil was a rare situation. A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).
>
> \*   \*   \*
>
> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal*. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

8

Id. at 121 (emphasis added). See, e.g., Scott v. Shartle, 574 F.App'x 152, 155 (3d Cir 2014) ("[B]ecause [the petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241."); Jackson v. Shartle, 535 F.App'x 87 (3d Cir. 2013); McIntosh v. Shartle, 526 F.App'x 150 (3d Cir. 2013) (per curiam).

In conclusion, Petitioner's claims do not fall within the narrow "savings clause" exception set forth in Dorsainvil. Because this case does not present the rare situation rendering § 2255 inadequate or ineffective, this Court does not have jurisdiction and the petition is dismissed for lack of jurisdiction.

### III.    Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

BY THE COURT:

Date: January 15, 2015

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

Notice by CM/ECF to all counsel of record
and by first-class mail to:

James Mabry
12512-067
Allenwood Low
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
White Deer, PA 17887